CLAIRE L. CANFIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 5864.   Promulgated October 11, 1946.

*R. M. O'Hara, Esq.*, and *Harry A. Smith, C. P. A.*, for the petitioner.
*Lawrence R. Bloomenthal, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge*: The case before us presents the question whether the income from an alleged partnership between husband and wife is properly taxable to the husband or may be divided between them.

In *Commissioner* v. *Tower*, 327 U. S. 280, the Supreme Court stated:

\* \* \* A partnership is generally said to be created when persons join together their money, goods, labor, or skill for the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses. When the existence of an alleged partnership arrangement is challenged by outsiders, the question arises whether the partners really and truly intended to join together for the purpose of carrying on business and sharing in the profits or losses or both. And their intention in this respect is a question of fact, to be determined from testimony disclosed by their "agreement, considered as a whole, and by their conduct in execution of its provisions." (*Drennen* v. *London Assurance Co.*, 113 U. S. 51, 56; *Cox* v. *Hickman*, 8 H. L. Cas., 268.) We see no reason why this general rule should not apply in tax cases where the Government challenges the existence of a partnership for tax purposes. \* \* \*

In the instant case it will not be gainsaid that Mrs. Canfield contributed $4,900 out of $17,443.49 stated to be the net worth of the company as of October 10, 1941, when they purportedly formed a partnership. It is likewise clear that she did not contribute substantially to the control and management of the business nor otherwise perform vital additional services. *Commissioner* v. *Tower, supra.* Though capital was an essential factor, the income earned by the business was undoubtedly principally due to personal services. The contract of partnership made no mention of capital contributions or to services to be rendered by the parties. The execution of the agreement made no change in the management or operation of the business. The parties knew that the contract of partnership was ineffective under the law of Michigan.

The Supreme Court has held that the gift of a partnership interest by a husband is not effective, tax-wise, to create in the wife an interest in the partnership. *Commissioner* v. *Tower, supra.* Therefore, although the agreement provided for equal division of the profits and petitioner made a purported gift to his wife of a 50 per cent interest, the capital interest of petitioner's wife was limited to her original cash contribution.

Section 3797, Internal Revenue Code, states that "The term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation." The

arrangement between petitioner and his wife seems to fall within the broad scope of this definition, although it was not recognized by the law of Michigan and albeit in this case the agreement between the parties can not be held to fix the incidence of taxation. Although the statute defines joint ventures as partnerships, that classification does not carry with it all the common law incidents of partnership. In this, as in many instances, the tax law supplies its own criteria by which to gauge the rights and duties of taxpayers.

Certain basic concepts are to be borne in mind. These are: That taxation is an eminently practical matter; that income is normally taxable to him who earns it; and that agreements between members of an intimate family group are to be closely scrutinized and tested in the light of reality to the end that realism and not mere form shall fix tax consequences. Thus, in the present case, though the agreement of the parties may come within the scope of the statutory definition of partnerships, we find that it lacks the necessary reality to determine by its terms the taxability of income earned.

It is our opinion that the agreement resulted in a business arrangement in which the parties should be taxed in proportion to their respective contributions to capital and services. Since exact measurement of the amount of income attributable to either capital or services is impossible, a practical approach to the problem is required. Certain facts are to be noted: The income was principally due to the services of the husband; the wife contributed no substantial services; the wife contributed $4,900 in cash to the enterprise; the petitioner's contribution to capital as of the basic date was $12,543.49.

We accordingly hold that a reasonable allocation of income should be made and that 75 per cent of the earnings of the business, beginning October 10, 1941, was attributable to petitioner's services and 25 per cent to the employment of capital. Petitioner is solely taxable on all income attributable to services. Of the remaining 25 per cent of the earnings, attributable to capital, petitioner and his wife are respectively taxable in proportion to their respective contributions to capital, as set out above. (See sec. 182, I. R. C.).

A minor issue is the propriety of imposing a negligence penalty. In his notice of deficiency the respondent did not specify the ground on which he imposed the penalty, but in his opening statement his counsel explained that the respondent's action was based on "an omission to record on the books certain items of finance company rebate which, * * * when finally reported, did not correspond to the correct amounts." However, it was stipulated that such an account appeared on the books of Canfield Motor Sales, captioned "Reserves," in which rebates of $3,623.24 from the finance company were recorded. The correct amount of such rebates was $3,827.17, or $203.93 more than the recorded amount.

It is obvious that this minor discrepancy resulted from a clerical error. There is no evidence or indication of intentional disregard of rules and regulations, or of negligence. The rebates themselves, which apparently the Commissioner determined were unrecorded, were found in the "Reserve" account and, with the exception of $203.93, were included in the partnership's return of income. We see nothing in the record to warrant the imposition of the negligence penalty for either taxable year.

This report supersedes a report promulgated June 13, 1946 (7 T. C. 135).

Reviewed by the Court.

*Decision will be entered under Rule 50.*

HILL, *J.*, dissents.

BLACK, *J.*, dissenting: I find myself in disagreement with the majority opinion because I think the reasoning used therein is inadequate to support the conclusion reached.

In the first place I think it is important that we bear in mind the issue which has been raised by the pleadings. In his explanation of adjustments made in the income tax return of petitioner for the year 1941, the Commissioner stated in his deficiency notice as follows:

(a) You reported net income from business in the amount of $12,267.55, representing the income earned for the period of operation January 1, 1941 to October 10, 1941. Thereafter you contend the business was operated as a partnership between yourself and wife Elsie H. Canfield. No partnership income was reported in the year 1941.

* * * * * * *

It is held that all the income from the business carried on under the name of Canfield Motor Sales, in the amount of $33,192.60, is taxable to you.

To this determination of respondent, the petitioner assigned error as follows:

(a) Respondent has erroneously refused to recognize the existence of a partnership entered into between petitioner and his wife on October 10, 1941 for the carrying on of a business theretofore conducted by petitioner as an individual proprietorship under the name of Canfield Motor Sales.

Assignment of error (b) is merely an elaboration of assignment of error (a). Respondent's answer to petitioner's assignments of error consisted of a general denial. His answer did not contain a statement of any facts upon which he relied for defense or for affirmative relief.

Thus, it seems to me that the issue squarely raised by the pleadings is whether during the period October 10 to December 31, 1941, petitioner and his wife were partners in the business of Canfield Motor Sales. If the issue is decided in petitioner's favor, I think it should be held that in the state of the pleadings the wife would be entitled

to at least that proportion of the profits which would be based on her capital contribution of $4,900 to the enterprise as compared with her husband's contribution of $12,543.49. The petitioner should, of course, be taxed on his share of the profits thus arrived at. The majority opinion holds, properly I think, that, because the wife contributed $4,900 out of her own capital to the business, she thereby became a partner in the business under the written partnership agreement, within the meaning of the Federal statute.

But the opinion goes on to say that before there is any division of the profits there must first be taken out of the earnings 75 per cent attributable to petitioner's services. I do not see where any such issue has been raised by the pleadings. It would, of course, have been within the rights of the partners to have had such arrangement in the partnership agreement, but they did not do so. It may well be that the Commissioner himself could properly raise such a question by a determination of that kind in his deficiency notice or by affirmative allegations in his answer, but he has not done so. It does not appear to me why we should raise such an issue.

Corpus Juris, vol. 47, sec. 232, p. 790, says:

* * * It is entirely competent for partners to determine by agreement, as between themselves, the basis upon which profits shall be divided, even without regard to the amount of their respective contributions, and such an agreement should be given effect, in the absence of a change; * * *

The Supreme Court of the United States, in *Paul* v. *Cullum*, 132 U. S. 539, held to the same effect as the above quotation from Corpus Juris. In that case, among other things, the Court said:

While, in the absence of written stipulations or other evidence showing a different intention, partners will be held to share equally both profits and losses, it is entirely competent for them to determine, as between themselves, the basis upon which profits shall be divided and losses borne, without regard to their respective contributions, whether of money, labor, or experience, to the common stock. Story on Partnership, §§ 23, 24. Such matters are entirely within the discretion of parties about to assume the relation of partners.

In Merten's Law of Federal Income Taxation, vol. 6, sec. 35.18, dealing with the subject of "Computation of Distributive Shares of Partners," the author, among other things, says:

Each partner is thus required to report his "proportionate share of the partnership net income." The proportionate share is determined by the partnership agreement, which involves an interpretation of the agreement.

But we must consider, of course, in a case of this kind the recent decisions of the Supreme Court in *Commissioner* v. *Tower* and *Lusthaus* v. *Commissioner*.

I agree that under the rationale of the *Tower* and *Lusthaus* cases, the wife did not acquire any interest in the partnership by reason of any gift from her husband of part of his interest in the business.

The extent of the interest which she acquired in the partnership was represented by the independent capital of her own which she contributed. That was $4,900. It would seem that her share of the profits would be $\frac{4,900}{17,443.49}$ of the whole in the absence of an agreement that the husband should first be paid for his services out of the earnings or the raising of such an issue by the Commissioner by affirmative allegations.

For the reasons above stated, I respectfully dissent from the majority opinion.

ARUNDELL, LEECH, and JOHNSON, *JJ.*, agree with this dissent.