OPINION. Hill, Judge: The question is the extent of petitioner’s interest in the company and the succeeding partnership for income tax purposes. The extent of his interest determines the amount of capital gain on liquidation of the company and the amount of income from the partnership on which he is taxable. Respondent contends that petitioner had a 99 per cent interest in the company and has a similar interest in the partnership. Petitioner contends that he owned one-half of the corporation and owns a one-half interest in the partnership. We agree with petitioner. Respondent’s position is based essentially on the fact that the stock book and certificates of stock of the company indicate that at the time of liquidation petitioner owned 99 per cent of the shares. Respondent further relies in part on the fact that petitioner furnished more capital than did Adah and the actual amounts contributed by each to the common fund used to purchase and operate the business can not be traced. We are satisfied from the record that petitioner and Adah in acquiring the company and operating it intended to do so on a 50-50 basis. It is true that petitioner borrowed $12,500 and Adah borrowed $8,000. The total amount, i. e., $20,500, was deposited in their joint account. From this account $10,500 was paid Sadie for the company’s stock. A further amount of $3,500 was put into the business to operate and $6,500 was set aside for an emergency. It is true that it is impossible to trace the contributions of petitioner and Adah after they were deposited to the joint account. However, we see no reason from these ■circumstances to conclude of necessity that petitioner and Adah did not intend to each acquire a one-half interest in the enterprise. Nor do we find anything in these circumstances to prevent us from giving effect to their intention. The fact that the stock book indicates that petitioner was issued 89 shares, Ungar 1Ó shares, and Adah 1 share is not, in our opinion, controlling. Ungar’s appearance as a stockholder was for business purposes and was later discontinued. As between petitioner and Adah, their understanding and agreement as to 50-50 ownership and participation is controlling, and not the stock book entries. The certificates, at least with respect to petitioner and Adah, do not appear to have been issued in any event. They were not signed by the president, nor do they bear a corporate seal. Even if they had been issued, we think, in view of the clear and undisputed intentions of petitioner and Adah, that petitioner would have to be deemed to have held the stock in trust for Adah with respect to her one-half interest. Respondent, in our opinion, is relying on book entries and ignoring the intent of the parties. We have found that the parties intended to acquire equal interests in the company, and we can see no reason for not recognizing or giving effect to their intention. They both contributed substantial capital to the common fund and both gave full time services. Under these circumstances, we can find no element of lack of bona fides, and, therefore, we have concluded and hold that petitioner and Adah did in fact each acquire a one-half interest in the company. The above conclusion and holding in effect determine the partnership issue in petitioner’s favor. Respondent does not contend that the partnership was invalid, but contends that for tax purposes we must reallocate the partners’ respective interests. Respondent, in effect, argues that, although petitioner and Adah were valid partners, their respective partnership interests for tax purposes must be considered as 99 per cent and 1 per cent, respectively. These percentages, of course, stem from respondent’s position with respect to the ownership of the company’s stock which we have already discussed. Since we have held that petitioner and Adah owned equal interests in the company, it follows that their capital contributions to the succeeding partnership were equal. They both contributed vital services to the partnership. Under these circumstances, we are thoroughly satisfied that the partnership was bona fide and we find no necessity or justification for rearranging or modifying the terms of the partnership agreement or altering the partnership interests for tax purposes. In this respect the instant case differs from Claire L. Canfield, 7 T. C. 944, where we found that the partnership agreement lacked the necessary reality to determine by its terms the taxability of the income earned. We hold that respondent’s determination was erroneous. Decision will be entered for petitioner.